IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01240–MSK–KMT

FINISHMASTER, INC.,

    Plaintiff,

v.

ROSS MARKETING & CONSULTING, L.L.C., d/b/a AUTOWORKS INTERNATIONAL, and EUGENE KLOKE, individually,

    Defendants.

---

**ORDER**

---

    This matter is before the court on Defendants' "Motion to Assert Counterclaim." (Doc. No. 18.) Plaintiff filed suit on May 27, 2010, bringing claims for breach of contract, unjust enrichment, and breach of guaranty. (*See* Doc. No. 1.) Defendants filed an answer on June 21, 2010. (Doc. No. 8.) Defendant Ross Marketing & Consulting now seeks leave to assert a counterclaim.

    Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

Defendants represent that the Motion is unopposed. Pursuant to the scheduling order entered on August 31, 2010, the deadline for amending the pleadings is October 15, 2010. (Doc. 11 at 7.) Therefore, Defendants' Motion—filed October 7, 2010—is timely. Further, the case is in the early stages of litigation. Moreover, upon review of the proposed counterclaim and the Motion, the court finds that there has been no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is **ORDERED**

Defendants' "Motion to Assert Counterclaim" (Doc. No. 18.) is GRANTED. Defendants shall file an Amended Answer that includes the counterclaim by October 15, 2010.

Dated this 12th day of October, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge